IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

KRISTOFOR B. KELLEY )
    ID # 38506-177, )
             Movant, )      No. 3:13-CV-0316-K
vs. )      (No. 3:09-CR-0003-K (1))
 )
UNITED STATES OF AMERICA, )
           Respondent. )

## MEMORANDUM OPINION AND ORDER

Before the Court for consideration are movant Kristofor Kelley's motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, and the Government's response. For the reasons set out below, the § 2255 motion is denied.

## I. BACKGROUND

In an indictment filed on January 6, 2009, the Government charged movant and three co-defendants with conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846 and 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vii). On September 10, 2009, in a superceding information, the Government charged movant with conspiracy to distribute a controlled substance as charged in the indictment, and money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), (2). On September 16, 2009, movant pled guilty pursuant to a plea agreement to both counts in the superceding information. In the plea agreement, petitioner agreed that he had previous been convicted of a felony drug offense that would enhance his penalty to a statutory minimum sentence of 20 years. The plea agreement also stated that movant's sentence would be imposed by the

Court and that, although movant had reviewed the sentencing guidelines with his attorney, he understood that no one can predict with certainty movant's sentence and that his actual sentence was solely in the Court's discretion.  The plea agreement also contained a waiver of appeal rights.  *See United States v. Kelley*, 3:09-CR-003-K (1) (N.D. Tex. Jan. 25, 2012) (docs. 1, 66, 67, 68, 72).

A presentence report (PSR) was prepared that calculated movant's sentencing guideline range to be 360 months to life imprisonment. (*Id*., doc. 206 at 4). Notwithstanding movant's attempt to bribe a law enforcement official to have the federal charges against him dismissed, the Government filed a motion for downward departure based on movant's substantial assistance. (*See* doc. 190).  In its motion, the Government sought a six-level downward departure in the applicable guidelines range, which would result in a guideline range of 210-262 months.  Because of movant's efforts to obstruct justice, the Government did not recommend a sentence below 240 months. *Id*.   On January 25, 2012, after adopting the presentence report (PSR), granting the Government's motion for downward departure, and overruling defense counsel's objection to the career offender enhancement, this Court sentenced movant to 180 months imprisonment and a three-year term of supervised release. (docs. 191, 192. doc. 206 at 6, 47-48).  Movant did not file a direct appeal.

On January 24, 2013, through counsel, movant filed his § 2255 motion alleging that his guilty plea and waiver of appeal were involuntary because they were based on

promises from trial counsel.  The government filed its response on September 20, 2013.

Movant did not file a reply brief.

## II.  ANALYSIS

Following conviction and exhaustion or waiver of the right to direct appeal, the

court presumes that a petitioner stands fairly and finally convicted.  *United States v.*

*Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d

228, 231-32 (5th Cir. 1991) (en banc)); *see also United States v. Willis*, 273 F.3d 592, 595

(5th Cir. 2001).  Under 28 U.S.C. § 2255, a petitioner can collaterally challenge his

conviction only on constitutional or jurisdictional grounds. Furthermore, movant

voluntarily pled guilty and waived his right to collaterally attack his conviction, except

for claims challenging the voluntariness of his plea and waiver and ineffective assistance

of counsel.  (*See* doc. 67).  Generally, "an informed and voluntary waiver of

post-conviction relief is effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651,

653 (5th Cir. 1994) (per curiam), *accord United States v. White*, 307 F.3d 336, 343 (5th

Cir. 2002).  "A defendant's waiver of [his or] her right to appeal is not informed if the

defendant does not know the possible consequences of [the] decision." *United States v.*

*Baty*, 980 F.2d 977, 979 (5th Cir. 1992).  A defendant's waiver of the right to appeal

requires special attention from the district court, and it is the district court's

responsibility to ensure that a defendant fully understands his right to appeal and the

consequences of waiving that right.  *Id*.

A.    <u>**Involuntary Guilty Plea**</u>

When movant pled guilty, he waived his right to contest his conviction and sentence either on direct appeal or in a motion to vacate except for: 1) direct appeal claims that the sentence either exceeded the statutory maximum or was due to an arithmetic error; 2) a claim that either his appeal waiver or his guilty plea were not voluntary; or 3) claims of ineffective assistance of counsel. (*See* Plea Agreement at ¶ 11). In his § 2255 motion, Petitioner alleges that his guilty plea and appeal waiver were not voluntary because he received constitutionally ineffective assistance of counsel. Specifically, with respect to his guilty plea, he claims counsel: 1) erroneously advised him that he would not receive an enhanced sentence under the career offender guidelines (Mot. at 7, Mem. at 4-5); and 2) promised him that he would not receive the career offender enhancement and would instead received a sentence no higher than his father's 74-month sentence if he pled guilty. (Mem. at 5; Ex. A at 3).

At his rearraignment hearing, movant testified that he understood that he was testifying under oath and could be charged with perjury if he made a false statement. (doc. 270 at 2).  Movant further testified that he could read, write, and understand the English language, that he had not recently been under the care of a physician or psychiatrist, that he was not under the influence of any drugs or alcohol, and that he understood what he was doing.  He further testified that he read the plea agreement, that he entered into the plea agreement voluntarily, that he understood the constitutional rights he was waiving by pleading guilty, that he understood that he was

4

waiving his right to appeal in most circumstances, and that he had discussed the sentencing guidelines with his attorney and how they would apply in his case   *Id.* at 3-4, 7-9, 16-18.   Movant also testified that he understood that, even though he had spoken with his attorney about the sentencing guidelines, the Court would not be able to determine the guideline sentence until after a PSR has been prepared, the Court is not bound by stipulated facts and can take into account facts not mentioned in stipulations, and the Court may depart from the applicable sentencing guideline as long as the departure is reasonable.  *Id.* at 9-10.  Movant also testified that, other than the written plea agreement, which contained all of the terms of his agreement with the Government, no-one had threatened him in order to get him to plead guilty, and he testified that he understood that he would still be bound by his guilty plea even if the penalty was more severe than he anticipated.  *Id.* at 16-17, 20).  Movant testified that understood what he was being charged with and that he waived the right to have the information read out loud to him.  Nevertheless, the prosecuting attorney did read the essential elements, and movant stated that he understood the elements of the crimes he was pleading guilty to and admitted that he committed each of the elements.  *Id.* at 13-15.  Movant also testified that he understood that his guilty plea would  result in a minimum sentence of twenty years and a maximum sentence of life imprisonment.  *Id.* at 18.

Although a guilty plea ordinarily waives all nonjurisdictional defects, including ineffective assistance claims, a petitioner may raise ineffective assistance to the extent that it affected the voluntariness of his plea.  *United States v. Cavitt*, 550 F.3d 430, 441

(5th Cir. 2008) (quoting *Smith v. Estelle,* 711 F.2d 677, 682 (5th Cir.1983) ("once a guilty plea has been entered, all nonjurisdictional defects in the proceedings against a defendant are waived," and the waiver "includes all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea.")).   To establish ineffective assistance of counsel, a petitioner must demonstrate (1) that counsel's performance was deficient, and (2) that there is a reasonable probability that, but for counsel's errors, defendant would not have pled guilty and would have insisted on going to trial.   *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985); *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Cavitt*, 550 F.3d at 441; *United States v. Payne*, 99 F.3d 1273, 1282 (5th Cir. 1996).   A court need not address both components of this inquiry if the petitioner makes an insufficient showing on one. *Strickland*, 466 U.S. at 697.

"Ordinarily a defendant will not be heard to refute his testimony given under oath."   *United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985).   "'Solemn declarations in open court carry a strong presumption of verity,' forming a 'formidable barrier in any subsequent collateral proceedings.' *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).   Courts also presume the regularity of court documents and accord them "great weight."   *See United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly); *Bonvillain v. Blackburn*, 780 F.2d 1248, 1252 (5th

Cir. 1986) (holding that court records are "accorded great weight"); *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding that court records "are entitled to a presumption of regularity").

Movant asserts that his attorney promised him that he would not be subject to the career offender enhancement and promised him that he would receive the same 74-month sentence that his father received.  First, movant does not assert that, had he been advised otherwise by his attorney, he would not have pled guilty.  Second, these allegations are in direct contradiction to his written plea agreement and the testimony movant gave at his rearraignment hearing, when he testified that the plea agreement and factual resume had been read and explained to him, that he understood that his sentence would be at least twenty years in prison, that he understood that only the judge decided his sentence and that he should rely on no other statements regarding a possible sentence, and that the judge would review the PSR before sentencing him, which could contain additional facts not contained in the factual resume.

The Fifth Circuit has recognized that a movant may seek habeas relief on the basis that his attorney made alleged promises to him, even though this is inconsistent with representations he made in court when entering his plea, if he proves: 1) the exact terms of the alleged promise; 2) exactly when, where, and by whom the promise was made; and 3) the precise identity of an eyewitness to the promise.  *See United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998), *citing Harmason v. Smith*, 888 F.2d 1527, 1529 (5th Cir. 1989).  If a movant produces independent indicia of the merit of the allegations of

alleged promises, typically by way of affidavits from reliable third parties, he is entitled to an evidentiary hearing on the issue. *Id*. However, when the movant's "showing is inconsistent with the bulk of [his] conduct or otherwise fails to meet [his] burden of proof in light of other evidence in the record," the Court may dispense with his allegations without an evidentiary hearing. *Id.*

Here, movant presents no independent evidence of any promise made to him by his attorney, only his own self-serving affidavit. (*See* Mot., Ex. A). Furthermore, as noted by the Government, his affidavit appears to be controverted by the record of the case. He states that he only pled guilty because he was assured that he would receive the same 74-month sentence as his father, a co-defendant in the case. However, the record reflects that movant's father pled guilty on September 16, 2009, the same day movant did, and was not sentenced until October 19, 2011, well after movant pled guilty. *See United States v. Ronald Kelley*, No. 3:09-cr-003-K (2) (N.D. Tex. Oct. 20, 2011) Therefore, no specific promise could have been made to movant about his father's sentence that induced him to plead guilty. Instead, movant's attorney argued at movant's sentencing hearing that movant should receive a sentence no greater than his father's sentence, because his father was the instigator and the reason why movant had become a marijuana grower and dealer. (doc. 206 at 10-14). Likewise, other than the unsworn allegation contained in the § 2255 motion and supporting memorandum, there is no independent evidence that movant's attorney promised him that he would not be subject to the career offender enhancement. Instead, movant's attorney objected to his

enhancement and argued against it at the sentencing hearing. (doc. 206 at 6-8).  Movant has failed to overcome the presumption of veracity given to his signed plea agreement and his sworn statements in court, and he has therefore failed to establish that his attorney rendered ineffective assistance of counsel with regard to his guilty plea as to render it an involuntary plea.

### III. CONCLUSION

For the foregoing reasons, Petitioner's motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255 is **DENIED**.

SO ORDERED.

Signed April 22nd, 2014.


_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE